United States District Court
Southern District of Texas
**ENTERED**
July 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| WILMINGTON TRUST, N.A., in its capacity as Trustee of Bravo Residential Funding Trust 2019-2, § § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00207 |
| § | |
| LETICIA SANTOS LEON, LIDIA SANTOS TREVINO, and JOSE ANGEL SANTOS, § § § § § | |
| Defendants. § | |

## OPINION AND ORDER

The Court now considers this case. This case commenced when Plaintiff filed its original complaint in this Court, alleging that its mortgagor Minerva Santos passed away in 2018 and her three heirs, despite availing themselves of the Sullivan City property that is the subject of the mortgage note, have failed or refused to pay the debt owed on the note.[1] Plaintiff asserts that this Court has diversity jurisdiction over this case.[2]

However, this Court appears to lack diversity jurisdiction over this case. The Court must police its own subject matter jurisdiction on its own initiative.[3] While the Court has jurisdiction to determine its jurisdiction,[4] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[5] The party invoking federal diversity jurisdiction "bears the burden of

---

[1] Dkt. No. 1 at 5, ¶¶ 20–21.
[2] *Id.* at 2, ¶ 7.
[3] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
[4] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[5] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see* FED. R. CIV. P. 12(h)(3).

establishing the amount in controversy by a preponderance of the evidence."[6] A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[7] Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction.[8] This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction,[9] and apply a common sense test to assess the amount in controversy.[10]

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[11] "Since Texas has a statute that provides attorney's fees in breach of contract cases, these fees are included in calculating the amount of controversy."[12]

Diversity jurisdiction requires complete diversity of citizenship.[13] "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[14] Therefore, "plaintiff must state all parties' citizenship such that the

---

[6] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *accord Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)) ("In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).
[7] *Ramming v. United States*, 281 F.3d at 161 (citing *Barrera—Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)).
[8] *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008).
[9] *Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 161.
[10] *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).
[11] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).
[12] *Albright v. IBM Lender Process Servs. Inc.*, No. 4:11-cv-01045, 2011 WL 5921379, at *3 (S.D. Tex. Nov. 28, 2011) (Harmon, J.).
[13] *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 2008) (citing 28 U.S.C. § 1332).
[14] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332).

existence of complete diversity can be confirmed."[15] With respect to Plaintiff's citizenship, Plaintiff only alleges that "U.S. Bank has its main office in Ohio. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes."[16] Plaintiff wholly fails to demonstrate its citizenship and confirm the existence of complete diversity between the parties.

However, even if Plaintiff had established complete diversity of citizenship, diversity jurisdiction still appears unmet because the facts do not support a finding that the amount in controversy exceeds $75,000. Plaintiff alleges that its original mortgagor executed a mortgage note in 2006 for $15,000 bearing interest at 8.34% per annum.[17] Even if no cent had been paid on the note since its execution, the compounding interest would not raise the amount in controversy over $75,000 on the note itself. But in cases like this in which the amount in controversy involves property or mortgage disputes, "Courts routinely use a county appraisal district's valuation as the only evidence in determining the amount in controversy."[18] The Hidalgo County Appraisal District shows that the property at issue's assessed value at the time of filing is $34,509.[19] Although Plaintiff asserts that it is "entitled to recover reasonable and necessary attorney's fees under the loan documents . . . as an additional debt secured by the Security Instrument,"[20] it belies common sense[21] that Plaintiff would expend more than the $34,509 value of the property at issue on attorney's fees to foreclose.

---

[15] *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).
[16] Dkt. No. 1 at 3, ¶ 8.
[17] *Id.* at 3, ¶ 14.
[18] *Mosley v. NewRez Mortg. LLC*, No. 4:21-cv-00396, 2022 U.S. Dist. LEXIS 96560, at *9–10 (S.D. Tex. May 4, 2022) (Sheldon, J.) (collecting cases).
[19] Property Search Results for 2011 Huisache St., Sullivan City, Texas 78595, HIDALGO CAD, https://propaccess.hidalgoad.org/ClientDB/Property.aspx?cid=1&prop_id=267017&year=2022 (last visited July 5, 2022).
[20] Dkt. No. 1 at 8-9, ¶ 40.
[21] *See supra* note 10.

In sum, Plaintiff fails to meet its burden to establish federal diversity jurisdiction because it failed to establish complete diversity of citizenship and failed to establish that the amount in controversy exceeds $75,000. The Court will dismiss this case for lack of jurisdiction unless Plaintiff files supplemental briefing no later than **July 18, 2022**, that satisfies Plaintiff's burden to establish that federal jurisdiction vests in this Court.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of July 2022.

_____
Micaela Alvarez
United States District Judge