United States District Court
Southern District of Texas
**ENTERED**
August 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| WILMINGTON TRUST, N.A., in its capacity as Trustee of Bravo Residential Funding Trust 2019-2, § § § § Plaintiff, § § VS. § § LETICA SANTOS LEON, LIDIA SANTOS TREVINO, and JOSE ANGEL SANTOS, § § § § Defendants. § § § | CIVIL ACTION NO. 7:22-cv-00207 |

## OPINION AND ORDER

The Court now considers "Plaintiff's Supplemental Brief in Support of Diversity Jurisdiction."[1] After considering the brief, record, and relevant authorities, the Court **DISMISSES** this case for lack of subject matter jurisdiction.

As an initial matter, the Court first addresses Plaintiff's noncompliance with the Federal Rules of Civil Procedure regarding the instant filing. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[2] Rule 10(b) in turn provides that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[3] The supplemental brief in support of diversity jurisdiction motion does not have numbered paragraphs, hindering

---

[1] Dkt. No. 13.
[2] FED. R. CIV. P. 7(b)(2).
[3] FED. R. CIV. P. 10(b) (emphasis added).

the Court's reference to the party's arguments and evidence. The parties are cautioned that future submissions should consistently number paragraphs to properly comply with the rules.

### I. BACKGROUND AND PROCEDURAL HISTORY

This case arises from an alleged default on a home equity note. The case commenced when Plaintiff filed its original complaint in this Court, alleging that its mortgagor Minerva Santos passed away in 2018 and her three heirs, despite availing themselves of the Sullivan City property (the Property) that is the subject of the mortgage note, have failed or refused to pay the debt owed on the note.[4] Upon determining that Plaintiff's complaint on its own failed to establish complete diversity of citizenship and that the amount in controversy exceeds $75,000, this Court ordered Plaintiff to file supplemental briefing to support its jurisdictional allegations.[5] Plaintiff filed supplemental briefing, including evidence of attorney's fees[6] and a valuation of the Sullivan City property[7], and maintains that it has established federal diversity jurisdiction.[8] The Court proceeds to review the evidence.

### II. DISCUSSION

#### a. Legal Standard

The Court must police its own subject matter jurisdiction on its own initiative.[9] A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

---

[4] Dkt. No. 1 at 5, ¶¶ 20–21.
[5] Dkt. No. 7 at 4.
[6] Dkt. No. 13-1 at 25-27.
[7] *Id*. at 2-23.
[8] Dkt. No. 13 at 2.
[9] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

disputed facts."[10] Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction.[11] This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction,[12] and applies a common sense test to assess the amount in controversy.[13]

   b. **Analysis**

Plaintiff asserts that this Court has diversity jurisdiction because the value of the Property is $59,000[14] and Plaintiff seeks $22,000 in attorney's fees pursuant to the Deed of Trust's allowance for the recovery of attorney's fees for this action,[15] thus making the amount in controversy over $75,000.[16] Plaintiff further avers its citizenship for diversity jurisdiction purposes is determined by its status as a national banking association that is a trustee of a traditional trust because it is the real party in interest to this suit as it can sue in its own name.[17] Plaintiff states that its main office is in Delaware, therefore it is a citizen of Delaware for diversity jurisdiction purposes.[18] On the other hand, Defendants[19] Leticia Santos Leon and Jose Angel Santos are citizens of Oklahoma and Texas, respectively.[20] As all parties are completely diverse, the Court turns to the amount in controversy.

---

[10] *Ramming v. United States*, 281 F.3d at 161 (citing *Barrera—Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)).
[11] *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008).
[12] *Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 161.
[13] *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).
[14] Dkt. No. 13 at 4.
[15] *Id*. at 5.
[16] *Id*. at 6.
[17] *See* Dkt No. 13 at 4; *see also Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980).
F.Supp.2d 261, 263 (S.D.N.Y. 2008).
[18] *Id*.
[19] Wilmington Trust, N.A., in its capacity as Trustee of Bravo Residential Funding Trust 2019-2, voluntarily dismissed without prejudice its claims for declaratory judgment of a statutory probate lien, judicial foreclosure, trespass to try title, and writ of possession as to Defendant Lidia Santos Trevino only. Dkt. No. 10 at 1, ¶ 2.
[20] Dkt. No. 13 at 2.

In cases like this where the amount in controversy involves property or mortgage disputes, "[c]ourts routinely use a county appraisal district's valuation as the only evidence in determining the amount in controversy."[21] However, the county appraisal district's valuation is not definitive.[22] Indeed, courts in the Fifth Circuit have found the amount in controversy for diversity jurisdiction to be met in some instances when a property is valued at more than $75,000 by a Broker Price Opinion (BPO) but less than $75,000 by the County Appraisal District.[23]

Plaintiff cites *Padgett v. JPMorgan Chase Bank, N.A.*,[24] and *Statin v. Deutsche Bank Nat'l Trust Co.*,[25] as support for its contention that this Court should consider the BPO's valuation of $59,000 for diversity jurisdiction purposes.[26] In *Padgett*, the court dealt with a foreclosure case in which the defendant argued the amount-in-controversy requirement was not met for diversity jurisdiction because the county appraisal district valued the house at $69,159.[27] The court in *Padgett* determined that the amount-in-controversy requirement was met because the plaintiff submitted a BPO that estimated the house's value to be around $116,000 and the BPO was persuasive because it "listed six comparable properties of similar location, lot size, age, leaseholder type, and other conditions."[28] Further, "[t]he six comparable properties were listed or sold at prices similar to the [BPO]'s estimate, all exceeding $75,000."[29]

---

[21] *Mosley v. Newrez Mortg. LLC*, No. 4:21-CV-396, 2022 U.S. Dist. LEXIS 96560, at *9-10 (S.D. Tex. May 4, 2022) (Sheldon, J.) (collecting cases).
[22] *Padgett v. JPMorgan Chase Bank, N.A.*, No. H-19-1322, 2019 U.S. Dist. LEXIS 92218 at *6-7 (S.D. Tex. June 3, 2019) (Rosenthal, C.J.).
[23] *See Statin v. Deutsche Bank Nat'l Trust Co.*, 598 F. App'x 322, 323 (5th Cir. 2015) (per curiam); *see also Padgett*, No. H-19-1322, 2019 U.S. Dist. LEXIS 92218 at *6.
[24] No. H-19-1322, 2019 U.S. Dist. LEXIS 92218, at *4-8 (S.D. Tex. June 3, 2019) (Rosenthal, C.J.).
[25] 598 F. App'x 322, 323 (5th Cir. 2015) (per curiam).
[26] Dkt. No. 13 at 4.
[27] *See supra* note 22.
[28] *Id.*
[29] *Id.*

Similarly, in *Statin*, the court dealt with a foreclosure case in which the bank argued a BPO's $87,500 valuation of the house should be used for diversity jurisdiction purposes despite the county appraisal district's $62,392 valuation of the house.[30] The district court in *Statin* determined the house was valued at $87,500 for diversity jurisdiction purposes because the bank submitted a BPO stating that the market value of the house was $87,500 and the bank submitted the declaration of an employee who established that the bank uses BPOs in its regular business practice.[31] On appeal, the district court's holding in *Statin* was affirmed by the Fifth Circuit.[32]

However, the Court finds that this case is distinguished from *Padgett* and *Statin*.[33] First, unlike the cases in *Padgett* and *Statin*, Plaintiff relies on a "Drive-By BPO" instead of a full BPO.[34] While Plaintiff does not distinguish any significance between a Drive-By BPO and a full BPO, Plaintiff's declaration of Trisha Scott, a real estate agent, and preparer of Plaintiff's Drive-By BPO[35] disclaims that she did not perform a full BPO for the Property to determine the $59,000 value.[36] Specifically, Ms. Scott's declaration states:

> Based upon my experience and knowledge of market values in the area around the location of the Subject Property, ***though not having performed a full BPO***, I estimate the as-is market value of the Subject Property to be the same $59,000.00 as of the date hereof.[37]

This suggests to the Court that a Drive-By BPO is less probative than a full BPO.

Second, Plaintiff failed to establish that the Drive-By BPO is a type of valuation routinely used when assessing property.[38] While Plaintiff's briefing establishes that Ms. Scott prepared BPO

---

[30] *Statin v. Deutsche Bank Nat'l Trust Co.*, 598 F. App'x 322, 323 (5th Cir. 2015) (per curiam).
[31] *Statin v. Deutsche Bank Nat'l Trust Co.*, No. 4:13-cv-03632, slip op. at 2-3 (S.D.Tex. Mar. 3, 2015), Dkt. No. 20 (Hittner, J.), *aff'd*, 598 F. App'x 322 (5th Cir. 2015) (per curiam).
[32] *Id*.
[33] *See supra* notes 24-25.
[34] *See supra* note 23; Dkt. No. 13-1 at 3, ¶ 5.
[35] Dkt. No. 13-1 at 5-23.
[36] Dkt. No. 13-1 at 3, ¶ 5.
[37] *Id*. (emphasis added).
[38] *See supra* note 31; *see also Padgett*, No. H-19-1322, 2019 U.S. Dist. LEXIS 92218 at *6.

evaluations in the regular performance of her job as an agent with Hacienda Leon Real Estate Group,[39] Plaintiff failed to show that it would rely on Drive-By BPOs in its regular business practice.[40] As such, this case is distinguished from *Statin* and *Padgett*.[41] Plaintiff fails to establish that the Drive-By BPO is "routinely used to determine the value of a property prior to foreclosure."[42]

Third, the Drive-By BPO's comparator houses are too dissimilar from the Property at issue. For instance, all six houses used to value the Property in the Drive-By BPO have larger living spaces than the Property.[43] Four out of the six houses have lots that are more than twice the size of the Property's lot.[44] Further, Plaintiff's supplemental briefing states that the Property is in a neighborhood "on the outskirts of a rural town in an area considered a 'colonia'. There are no zoning standards in these areas and therefore there is a decline in property maintenance and values."[45] The Drive-By BPO fails to consider whether the comparator houses are in a colonia[46] in its analysis but states that this factor correlates with a decline in property values.[47] Records from

---

[39] Dkt. No. 13-1 at 2, ¶ 3.
[40] Dkt. No. 1; Dkt. No. 13.
[41] *See supra* notes 22, 31.
[42] *Padgett*, No. H-19-1322, 2019 U.S. Dist. LEXIS 92218 at *6.
[43] Dkt. No. 13-1 at 5-7.
[44] *Id*.
[45] *Id*. at 6-8.
[46] A colonia is a "residential area along the Texas-Mexico border that may lack some of the most basic living necessities, such as potable water, septic or sewer systems, electricity, paved roads, or safe and sanitary housing." TEX. OFF. OF SEC'Y OF STATE COLONIAS INITIATIVES PROGRAM, TRACKING THE PROGRESS OF STATE-FUNDED PROJECTS THAT BENEFIT COLONIAS, 84th Sess., at 24 (2014), https://www.sos.state.tx.us/border/forms/2014-progress-legislative-report.pdf.
[47] Dkt. No. 13-1 at 5.

the Texas Colonia Communities database[48] confirm that only one of the six comparator houses is in a colonia.[49]

Lastly, Plaintiff's Drive-By BPO, prepared in April 2020,[50] is roughly two years older than Hidalgo County Appraisal District's valuation of the Property for the 2022 Tax Year.[51] The fact that the county appraisal district's valuation is more recent than the Drive-By BPO also suggests that the county appraisal district's valuation is more probative than the Drive-By BPO.

For these reasons, the Court finds that Hidalgo County Appraisal District's valuation[52] is more probative than the Drive-By BPO's valuation.[53] Therefore, the Court uses Hidalgo County Appraisal District's valuation of the Property at $34,509 for diversity jurisdiction purposes.[54]

The Court turns to Plaintiff's claim for attorney's fees. Generally, attorneys' fees are not includible in determining the amount in controversy for diversity jurisdiction, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[55] Plaintiff states it anticipates incurring at least $22,000 in attorney's fees through trial[56] and is entitled to attorney's fees per the Deed of Trust.[57] Thus, even if Plaintiff

---

[48] The Texas Colonia Communities database is created and maintained by the Office of the Attorney General of Texas. *Texas Colonia Communities*, TEX. OFF. ATT'Y GEN., https://www.texasattorneygeneral.gov/divisions/colonias-database (last visited Aug. 2, 2022); *see Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) ("Furthermore, we fail to see any merit to an objection to the panel taking judicial notice of the state agency's own website.")
[49] *Texas Colonia Communities*, TEX. OFF. ATT'Y GEN., https://www.texasattorneygeneral.gov/divisions/colonias-database (click "Colonias Geographic Database"; then click "Find address or place" in search bar; then type "17107 Salida del Sol St, Penitas, TX 78576"; then click "search"; then click "Next feature") (last visited Aug. 2, 2022).
[50] Dkt. No. 13-1 at 5.
[51] Property Search Results for 2011 Huisache St., Sullivan City, Texas 78595, HIDALGO CAD, https://propaccess.hidalgoad.org/ClientDB/Property.aspx?cidf=1&prop_id=267017&year=2022 (last visited Aug. 2, 2022).
[52] *Id.*
[53] Dkt. No. 13 at 4.
[54] *See supra* note 41.
[55] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).
[56] Dkt. No. 13 at 6.
[57] Dkt. No. 1 at 8-9, ¶ 40; Dkt. No. 13 at 5.

incurs more than this amount, combined with the $34,509 Property value, Plaintiff does not reasonably exceed the jurisdictional minimum of $75,000.[58]

In sum, Plaintiff fails to meet its burden to establish federal diversity jurisdiction because it failed to establish an amount in controversy exceeding $75,000.

### III. HOLDING

For the foregoing reasons, the Court lacks diversity jurisdiction and **DISMISSES** Plaintiff's Original Complaint.[59] This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of August 2022.

_____
Micaela Alvarez
United States District Judge

---

[58] *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).
[59] Dkt. No. 1.